**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12426

Non-Argument Calendar

————————————

In re: WASEEM DAKER,

*Petitioner.*

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:25-mc-00001-JRH-CLR

————————————

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

On February 20, 2025, the district court entered an order imposing filing restrictions upon Waseem Daker due to his history of engaging in vexatious litigation and directing Daker to show cause

as to why monetary sanctions should not be imposed. The order was entered in several of Daker's cases, including the miscellaneous action underlying this appeal and two of Daker's habeas corpus actions.

On March 27, 2025, the district court received Daker's response to the February 20 order. Daker provided the case numbers for the miscellaneous action and the two habeas actions on the first page of his response, but the response was only filed in the miscellaneous action.

On June 4, 2025, the district court entered an order in the miscellaneous action addressing the arguments Daker made in his response to the February 20 order before determining that monetary sanctions were warranted.

On July 14, 2025, the court received Daker's pro se notice of appeal, in which Daker indicated that he was appealing from the clerk's refusal to file his response to the February 20 order in his two habeas actions. He explained that, on April 28, 2025, the clerk sent him a letter advising him that his filing was being returned in accordance with the previously imposed filing restrictions.

A jurisdictional question ("JQ") asked Daker which order(s) his notice of appeal evinces an intent to appeal from and whether we have jurisdiction over the designated order(s). Daker responds that he is challenging the clerk's refusal to file his response to the February 20 order in his two habeas actions. He argues that the clerk's action is appealable under 28 U.S.C. §§ 1291 and 1292(a)(1) because it functioned as an "automatic dismissal" and a refusal to

25-12426                Opinion of the Court                3

modify the filing junction.  Daker acknowledges that he has several pending appeals from the February 20 order.

Upon review of the record and Daker's response to the JQs, we conclude that Daker lacks standing to challenge the action that is the sole basis of this appeal—the clerk's refusal to file his response to the February 20 order in two of his habeas actions—because that refusal did not aggrieve him.  *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining that we lack jurisdiction over appeals brought by appellants without appellate standing); *Kimberly Regenesis, LLC v. Lee County*, 64 F.4th 1253, 1259 (11th Cir. 2023) (explaining that only litigants who are aggrieved by the order or judgment at issue can appeal).  While Daker is correct that the clerk did not file his response to the February 20 order in two habeas actions, it was filed in the miscellaneous action that underlies this appeal, and the district court expressly addressed it in the June 4 sanctions order.  The clerk's refusal to docket the same response to the same order in other cases in which the order was entered did not prevent the district court from evaluating Daker's response to the February 20 order or otherwise harm Daker.  *See Kimberly Regenesis, LLC*, 64 F.4th at 1259.  Thus, because Daker was not aggrieved by the action he is challenging in this appeal, we lack jurisdiction over this appeal.  *See Wolff*, 351 F.3d at 1353-54.  This ruling does not affect Daker's separate, pending appeals from the February 20 and June 4 orders.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are DENIED as moot.